Erin Rose Ronstadt, SBN 028362
Kyle Shelton, SBN 027379
RONSTADT LAW, PLLC
PO Box 34145
Phoenix, AZ 85067
(602) 615-0050
(602) 761-4443 Fax
erin@ronstadtlaw.com
kyle@ronstadtlaw.com
*Attorneys for Plaintiff*

**RONSTADT LAW, PLLC**
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Cindy Larocque,

Plaintiff,

v.

The Lincoln National Life Insurance Company, insurer, plan fiduciary and the plan administrator; and Curo Health Services Welfare Benefits Plan, an ERISA benefit plan,

Defendants.

Case No.

**COMPLAINT**

For her claims against The Lincoln National Life Insurance Company ("Lincoln") and Curo Health Services Welfare Benefits Plan (the "Plan") (collectively "Defendants"), Plaintiff Cindy Larocque ("Ms. Larocque" or "Plaintiff") alleges as follows:

***Jurisdiction, Venue, and Parties***

1. This is an action for wrongful termination of long-term disability ("LTD") benefits, life insurance waiver of premium ("LWOP") benefits, and other harm arising out of the wrongful termination of those benefits.

2. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

3. Plaintiff is informed and believes the Plan is an ERISA benefit plan established by employer Kindred at Home/Curo Health Services Hospice ("Curo") that is insured and administered by Lincoln for the benefit of Curo employees.

4. Ms. Larocque was a participant and beneficiary of the Plan as an employee of Curo.

5. Lincoln is a plan fiduciary and administers claims for LTD and LWOP benefits under the Plan.

6. Under the Plan, Lincoln fully insures eligible employees of Curo for LTD benefits pursuant to Policy Number 10248767 (the "LTD Policy") and LWOP benefits. The LTD Policy was issued on January 4, 2019, and remained in effect as of the date of Ms. Larocque's disability. Lincoln did not disclose the life insurance policy.

7. At the time Ms. Larocque sought LTD and LWOP benefits under the Plan, Lincoln administered claims for Curo under the Plan, acted on behalf of the Plan, and acted as an agent of Curo or the Plan to make final decisions regarding the payment of disability benefits for the Plan and administration of the Plan.

8. Lincoln insures LTD benefits under the Plan.

9. Lincoln is the entity that both pays LTD benefits and decides eligibility for them, creating a structural conflict of interest.

10. Lincoln has a duty to administer the Plan prudently and in the best interests of all Plan participants and beneficiaries.

11. Ms. Larocque is a United States citizen. She currently resides in Yavapai County, Arizona and has been a resident of Yavapai County since becoming a Plan participant.

12. Lincoln is domiciled in the State of Nebraska.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

13. Lincoln is licensed and authorized to do business in Yavapai County, Arizona, and resides and is found within Yavapai County within the meaning of the jurisdiction and venue provisions of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

14. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §§ 1132(a), 1132(e)(1), and 28 U.S.C. §§ 2201-02 (declaratory judgments).

15. Venue is proper in this Court under ERISA, 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

16. Ms. Larocque suffers from several medical conditions, including hypersomnolence, spinal stenosis at multiple levels, hypertension, spondylosis of thoracic and lumbar spine, fibromyalgia, bilateral carpal tunnel syndrome, and bilateral basal joint arthritis.

17. Her medical conditions cause a host of symptoms which severely diminish her ability and capacity to work.

18. The Plan defines Total Disability as follows:

1. *During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.*
2. *After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.*

19. Based on her collective medical conditions, Ms. Larocque is disabled and unable to perform her Own Occupation or Any Occupation as defined by the Plan.

20. On April 4, 2017, Ms. Larocque started working at Curo as a travelling hospice nurse.

21. Ms. Larocque stopped working on July 8, 2019, due to Disability.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

22. Ms. Larocque applied for and was awarded short-term disability ("STD") benefits from Lincoln through the maximum STD benefit period.

23. Ms. Larocque purchased the buy-up benefit in the Plan effective July 1, 2018.

24. Ms. Larocque's LTD benefits are therefore 60% of her 'Basic Monthly Earnings.'

25. Lincoln initially approved Ms. Larocque's claim for LTD benefits in a letter dated September 10, 2019.

26. On November 11, 2019, a Lincoln physician file review stated, "*In light of the claimant's lack of responses to partial CPAP therapy in addition to Sunosi manifest by an inability to drive and elevated EPW orth scale scores, submitted information supports that the claimant is not able to drive and is also not able to perform eight continuous hours of work (even at the sedentary level) for five days a week*."

27. On March 9, 2020, a Lincoln clinical review stated, "*Med recs continue to support EE's inability to drive or perform 8 hours of continuous work (even at the sedentary level) for five days a week*."

28. In January of 2020, Lincoln began assessing Ms. Larocque for the "Any Occupation" definition of disability in the Plan.

29. Plaintiff is informed and believes the Any Occupation period begins after a claimant has received 12 months of LTD benefits; Ms. Larocque would reach the change of definition point on October 7, 2020.

30. On March 4, 2020, Lincoln nurse, Capricia Horton, again found that "*submitted information supports that the claimant is not able to drive and is also not able to perform 8 hours of continuous work (even at the sedentary level) for five days a week*."

31. In a telephone conversation on June 5, 2020, Ms. Larocque was asked about her non-compliance in using her BIPAP machine while sleeping. Ms. Larocque advised her claims adjuster that she tried to wear her BIPAP while sleeping, but often woke up having

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

taken it off in her sleep. Ms. Larocque also advised that she could not take sedating medication to prevent her from removing the BIPAP during her sleep because such medications could also dangerously inhibit her breathing.

32. In a medical review dated August 27, 2020, Lincoln internist Benton Ashlock opined, "*There are no impairing [diagnoses] supported by medical records. No [restrictions and limitations] supported.*" There was no explanation as to why Dr. Ashlock suddenly disagreed with all prior Lincoln medical evaluators and Ms. Larocque's treating physicians or disregarded Ms. Larocque's explanation.

33. Lincoln did not perform any vocational review of Ms. Larocque's claim.

34. On September 11, 2020, a Lincoln manager approved the termination of Ms. Larocque's LTD benefits as of September 25, 2020.

35. Ms. Larocque gathered additional medical records and submitted them as an appeal on March 8, 2021.

36. Lincoln performed a medical review on March 24, 2021. The reviewer opined, "*Although the diagnostic findings supporting OSA and RLS are acknowledged, the medical information does not demonstrate findings to objectively support ongoing impairment. Titration studies show claimants OSA is resolvable with proper CPAP/BIPAP therapy. Claimant remains incompliant with the therapy…*"

37. On April 30, 2021, Lincoln finalized its decision that the "*function provided by Dr. Ashlock on 9/9/20 would remain appropriate and supported.*" Lincoln did not explain why they favored Dr. Ashlock's report over those of Ms. Larocque's treating providers and Lincoln's own previous reviewers or why they disregarded Ms. Larocque's explanation of her alleged BIPAP use non-compliance.

38. Lincoln's vocational reviewer, Jennifer Irvin, concluded that part-time nursing work was available in a report dated March 9, 2021. Ms. Irvin wrote, "*Employee's restrictions*

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

*and limitations are not noted in the claim file*." Ms. Irvin does not explain why she was performing a vocational review without knowing the claimant's restrictions and limitations.

39. Ms. Larocque received Lincoln's 3/24/21 medical review and submitted additional medical records and materials on April 14, 2021.

40. Lincoln provided the medical records to Nurse Billiejo M., who opined, "*The records received from these providers are from 2021 and would have no bearing on EE's function back in 9/2020. NDC recommendation remains unchanged*."

41. Over the course of the next eight months, Ms. Larocque continued to provide updated medical information to Lincoln including medical records showing repeated reports of falling asleep while seated, consideration of an implanted device to treat her sleep apnea, bilateral carpal tunnel injection procedures, and severe back pain with radiculopathy leading to a bilateral L4-5 posterior lumbar nonsegmental pedicle screw instrumentation procedure on June 28, 2021.

42. On February 4, 2022, Lincoln Nurse Amy M. reviewed the new information and opined that Ms. Larocque was only disabled during the 6/28/21-9/30/21 time period for recovery from her spinal surgery.

43. No physician of any specialty reviewed the eight months of supplementary materials submitted by Ms. Larocque.

44. Lincoln denied Ms. Larocque's appeal in a letter dated April 7, 2022, that relied entirely on several pages of Nurse Amy M.'s report, arbitrarily ignoring the opinions of Ms. Larocque's treating physicians and her explanation for her poor BIPAP compliance.

45. Due to the arbitrary termination of her benefits, Ms. Larocque has experienced hardships in affording some necessary medical treatment and medications.

46. Ms. Larocque exhausted her administrative remedies and timely filed this lawsuit.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

**COUNT I**
**(Recovery of LTD Plan Benefits)**
**(Defendants Lincoln and the Plan)**

47. All other paragraphs are incorporated by reference.

48. The plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002 *et seq*.

49. The Plan represents LTD coverage and a promise to provide LTD benefits until Ms. Larocque is no longer Disabled under the terms of the Plan.

50. Ms. Larocque is Disabled from her Own Occupation and Any Occupation under the terms of the Plan.

51. Ms. Larocque has claimed the benefits under the Plan to which she is entitled.

52. Ms. Larocque reasonably expected that her medical conditions met the requirements of Disability as defined by the Plan and that she would receive maximum benefits under the Plan or until she was no longer Disabled.

53. Despite the coverage of Ms. Larocque's Disability, Lincoln improperly terminated her LTD benefits in breach of the Plan and ERISA.

54. Lincoln's conduct was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous.

55. In light of Lincoln's wholesale and flagrant procedural violations of ERISA, Ms. Larocque should be entitled to *de novo* review. *See Halo v. Yale Health Plan*, 819 F.3d 42, 60-61 (2d Cir. 2016) ("when denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503-1, will result in that claim being reviewed *de novo* in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent and harmless.")

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

56. Instead of evaluating a participant's eligibility based on the applicable plan language and medical evidence, Ms. Larocque is informed and believes that Lincoln makes claims decisions based on the claims resources and financial risk it faces on certain claims.

57. Lincoln wrongfully denied Ms. Larocque's Disability benefits without providing a coherent explanation for its denials, and in a way that conflicts with the plain language of the Plan, violating 29 U.S.C. § § 1109, 1132.

58. Lincoln did not properly consider all the available evidence when terminating Ms. Larocque's benefits.

59. Lincoln failed to conduct a full and fair review.

60. Lincoln misstated medical evidence for its own financial benefit, *e.g.*, it excessively relied on biased medical reviews provided by in-house medical consultants.

61. Lincoln relied on findings that constitute "clearly erroneous findings of fact" to deny Ms. Larocque's benefits.

62. Lincoln abused its discretion by basing its decision on unreliable and inaccurate information. When confronted with this knowledge, Lincoln ignored the inaccuracies or created new reasons for denial.

63. Upon information and belief, Lincoln provided its reviewers with internal notes and financial information about the claim, compromising their ability to make "independent" medical determinations and creating further bias in reviews.

64. Lincoln routinely emphasizes information that favors a denial of benefits while deemphasizing other information that suggests a contrary conclusion.

65. Lincoln failed to properly consider the opinions of Ms. Larocque's treating and examining physicians.

66. In terminating Ms. Larocque's LTD benefits, Lincoln completely disregarded evidence that Ms. Larocque's conditions had not changed or improved.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

67. Lincoln has no evidence that Ms. Larocque's conditions changed or improved since it determined that she met the Own Occupation definition of Disability.

68. Upon information and belief, Lincoln used in-house reviewers in evaluating Ms. Larocque's claim, because it presumed that the in-house reviewers' recommendations would be unfavorable for the continuation of Ms. Larocque's benefits.

69. Lincoln failed to adequately explain why it credited the physician reviewers over Ms. Larocque's treating physicians, who had personally examined her on a multitude of occasions.

70. Lincoln engaged in other procedural irregularities, which it did to serve its own financial best interests.

71. On information and belief, Lincoln engaged in claim discussions to decide the directions of appeals without having reviewed all the medical evidence, demonstrating its predetermined path of terminating benefits.

72. Lincoln intentionally gathered evidence to stack the deck in its favor and against Ms. Larocque.

73. Ms. Larocque alleges upon information and belief that Lincoln has a parsimonious claims handling history.

74. Upon information and belief, Defendants failed to establish reasonable claim handling procedures in response to the extreme circumstances caused by the Covid-19 pandemic.

75. Defendants further acted unreasonably by unexpectedly cutting off benefits to Plaintiff during a deadly pandemic.

76. Lincoln failed to conduct a "meaningful dialogue" regarding Ms. Larocque's claim and disregarded her answers to their questions.

77. Under the *de novo* standard of review, to be entitled to benefits, Ms. Larocque need only prove by a preponderance of the evidence that she is Disabled.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

78. Even under the abuse of discretion standard of review, Lincoln abused its discretion, because its decision terminating Ms. Larocque's disability benefits was arbitrary and capricious and caused or influenced by Lincoln's, its reviewing physicians,' and its vendors' financial conflicts of interest. These conflicts of interest precluded the full and fair review required by ERISA, 29 U.S.C. 1133(2) and 29 C.F.R. § 2560.503-1(g)(1) and (h)(2).

79. Ms. Larocque is entitled to discovery regarding the effects of the procedural irregularities and structural conflict of interest that infiltrated the claims handling process and also regarding the effects of Lincoln's, its reviewing physicians', its employees', and its vendors' financial conflicts of interest, biases, and motivations on the decision terminating Ms. Larocque's LTD claim.

80. Under the de novo standard of review, Ms. Larocque is entitled to discovery regarding, among other things, the credibility of Lincoln's medical reviews and Lincoln's lack of partiality due to its financial conflicts of interest. *Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (under the de novo standard of review, new evidence may be admitted regarding, among other things: "the credibility of medical experts… [and] instances where the payor and the administrator are the same entity and the court is concerned about impartiality" (*quoting Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993)).

81. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal law, Ms. Larocque is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the Plan.

82. Ms. Larocque is entitled to reinstatement of any other employee benefits that were terminated, discontinued, or suspended as a result of the termination of her disability benefits, including, but not limited to LWOP benefits. She is entitled to a restoration of the *status quo ante* before LTD benefits were wrongfully terminated.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

83. Under ERISA, which is founded in trust principles, Lincoln is required to administer claims in the best interests of beneficiaries and participants as part of its fiduciary duty.

84. In multiple ways throughout the administration of Ms. Larocque's claim, Lincoln breached their fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3).

85. Lincoln's arbitrary and capricious claims handling generally constitutes a breach of fiduciary duty, because Lincoln's claims handling was discharged imprudently and caused Ms. Larocque serious harm that cannot be recovered under 29 U.S.C. § 1132(a)(1)(B).

86. Lincoln failed to reasonably investigate Ms. Larocque's claim.

87. Lincoln ignored meaningful, objective evidence of Ms. Larocque's ongoing Disability, including the opinions of her treating providers, her carpal tunnel syndrome, and her spinal surgery .

88. Lincoln employed biased reviewers with longstanding insurance industry ties to generate unfavorable medical opinions resulting in the termination of Ms. Larocque's LTD claim.

89. Lincoln's conduct evinces an outcome-oriented approach to Ms. Larocque's claim.

90. Lincoln's payment of STD benefits but eventual denial of LTD benefits when her conditions only worsened is evidence of its structural conflict of interest and unreasonable claims handling.

91. On information and belief, Lincoln instructs and/or incentivizes certain employee(s) to terminate fully insured LTD claims and appeals based on bias or its financial interests.

92. Ms. Larocque is informed and believes that Lincoln's employees are trained in administering claims in the best interests of Lincoln, not Plan participants.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

93. Lincoln demonstrated bias and malice against Ms. Larocque through its employees. Instead of fully and fairly reviewing the medical evidence, Lincoln unreasonably denied Ms. Larocque's claim based on unreliable evidence.

94. Ms. Larocque is informed and believes that Lincoln has targeted claims under the Plan, including Ms. Larocque's, which is a breach of fiduciary duty.

95. On information and belief, Lincoln breached fiduciary duties to Ms. Larocque by terminating her claim to avoid its financial liability.

96. To the extent that Lincoln caused Ms. Larocque harm unrecoverable under 29 U.S.C. § 1132(a)(1)(B), then that harm is recoverable under 29 U.S.C. § 1132(a)(3).

97. The Court has broad discretion to fashion appropriate relief to make Ms. Larocque whole and should mold the relief necessary to protect the rights of Ms. Larocque.

98. Ms. Larocque is entitled to enjoin any act or practice by Lincoln that violates ERISA or the Plan or seek other appropriate equitable relief.

99. Lincoln engaged in several procedural violations to circumvent its obligations under ERISA, which is conduct the Court can enjoin.

100. Lincoln acted with malice and in bad faith against Ms. Larocque, which constitutes a violation of its fiduciary obligations.

101. Ms. Larocque suffered actual, *significant* financial harm and has incurred expense.

102. Ms. Larocque is entitled to prejudgment interest on the benefits to which she is entitled and on her damages at the highest legal rate until paid in full.

103. Pursuant to 29 U.S.C. § 1132(g), Ms. Larocque is entitled to recover her attorneys' fees and costs incurred herein.

**WHEREFORE**, Ms. Larocque seeks judgment against Defendants as set forth in this Complaint, which includes:

A. All past LTD benefits under the terms of the Plan;

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

B. Clarifying and determining Ms. Larocque's rights to future benefits under the terms of the Plan;

C. For any other benefits Ms. Larocque may be entitled to receive under the Plan due to her disability;

D. An award of attorneys' fees and costs incurred herein;

E. An award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such and further relief as the Court deems just, equitable, and reasonable.

Dated September 7, 2023.

RONSTADT LAW, PLLC

By: *s/ Erin Rose Ronstadt*
Erin Rose Ronstadt
Kyle Shelton
*Counsel for Plaintiff*