**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cindy Larocque,<br><br>Plaintiff,<br><br>v.<br><br>Lincoln National Life Insurance Company, et al.,<br><br>Defendants. | No. CV-23-08549-PCT-GMS<br><br>**ORDER** |

This matter having recently come before this Court,

**IT IS ORDERED** that motions pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) are discouraged if the defect can be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of such motions to determine whether it can be avoided. Consequently, motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) must contain a certification of conferral indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment. In addition, parties shall endeavor not to oppose motions to amend that are filed prior to the Scheduling Conference or within the time set forth in the Rule 16 Case Management Order. Motions to dismiss that do not contain the required certification are subject to be stricken on the Court's motion.

**IT IS FURTHER ORDERED** if Defendant files a motion to dismiss under Rule 12(b)(6) or 12(c) and if Plaintiff contends any further amendment of Plaintiff's Complaint (Doc. 1-4) can cure any alleged deficiency, Plaintiff must submit, no later than the time Plaintiff files a response to a motion to dismiss, a proposed amended complaint containing all further allegations Plaintiff could make.

**IT IS FURTHER ORDERED** that, in the event a motion to dismiss is granted in any part, no leave will be granted to amend the Complaint beyond what is offered in that proposed amended complaint.

Dated this 25th day of September, 2023.

G. Murray Snow
Chief United States District Judge