IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Larocque,<br>Plaintiff,<br>vs.<br>Lincoln National Life Insurance Company, et al.,<br>Defendants. | No. CV-23-08549-PCT-GMS<br>**CASE MANAGEMENT ORDER (ERISA)** |

This is an ERISA case. The Court enters the following Case Management Order**:**

1. Deadline for Initial Disclosures. Initial disclosures required by Federal Rule of Civil Procedure 26(a) do not apply in this case. Fed. R. Civ. P. 26(a)(1)(B)(i).

2. Production of Administrative Record. Defendant shall produce the administrative record to Plaintiff by **No Date Given**. Plaintiff may identify additional documents to be included in the administrative record by **September 13, 2024**. The parties shall reconcile and file a stipulated administrative record with the Court by **September 20, 2024**.

3. Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **January 19, 2024**.

4. Discovery Limitations**.** Although this is an ERISA case, the Court concludes that limited discovery is warranted. The Court's rationale, and a discussion of the proper scope of discovery, can be found in *Wilcox v. Metro. Life Ins. Co.*, No. CV-04-0926-PHX-DGC, 2009 WL 57053 (D. Ariz. Jan. 8, 2009). The parties should look to *Wilcox* for

guidance when addressing the proper scope of discovery in this case. Depositions will be limited to **(parties agree to limitations contained in Fed. R. Civ. P. 30(2)(d)(1))** hours. Each side may propound up to 20 interrogatories, including subparts, 15 request for production of documents, including subparts, and 20 requests for admissions, including subparts.

5. Fact Discovery. The deadline for completing fact discovery, including discovery by subpoena, shall be **July 12, 2024**. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, will not alter or extend the discovery deadline in this Order.

6. Expert Disclosures and Discovery. Expert witnesses will not be needed in this ERISA case.

7. Discovery Disputes**.**

a. If a discovery dispute arises between the parties, the parties promptly shall contact the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions or motions for sanctions without leave of Court.[1]

b. Parties shall not contact the Court concerning a discovery dispute or motion for sanctions without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

expert discovery disputes after the deadline for completion of expert discovery.

8. Merits Briefing.

a. This matter will be resolved through merits briefing in lieu of Rule 56 motions. The briefing may address the Administrative Record and any extrinsic evidence Plaintiff considers relevant. Defendant may argue that the extrinsic evidence is not relevant or properly considered. The briefs should address the applicable standard of judicial review and the overall propriety of the underlying claim decision. The parties should follow the page limits for Rule 56 motions, but a LRCiv 56.1 statement of facts is not necessary.

b. Plaintiff's opening brief shall be filed no later than **October 4, 2024**.

c. Defendant's response brief shall be filed no later than **November 8, 2024**.

d. Plaintiff's reply brief shall be filed no later than **December 6, 2024**.

e. Hearing on the briefs is hereby set for **February 23, 2024 at 11:00 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

9. Deadline for Engaging in Good Faith Settlement Talks. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **February 23, 2024**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a Joint Report on Settlement Talks executed by or on behalf of all counsel. The Report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

10. The Deadlines Are Real. **The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. Even if all parties stipulate to an extension, the Court will not**

**extend the deadlines, absent good cause to do so. The pendency of settlement discussions or the desire to schedule mediation does not constitute good cause, unless discovery is substantially complete and the extension requested is minimal**.

11. Briefing Requirements. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

Dated this 16th day of November, 2023.

G. Murray Snow
Chief United States District Judge